**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mayank Prasad,<br>Plaintiff,<br>v.<br>Maricopa County Adult Probation Department, et al.,<br>Defendants. | No. CV-26-05947-PHX-KML (DMF)<br>**ORDER** |

On August 25, 2026, plaintiff Mayank Prasad filed two motions: an "Emergency Ex Parte Motion for Preliminary Injunction and Temporary Restraining Order" and a "Motion for Mandatory Judicial Notice."[1] (Docs. 7, 8.) Prasad's motions are denied.

## I. Background

The present suit apparently stems from Prasad's belief that his probation after a conviction in state court expired, but state officials seem to disagree. The allegations are difficult to follow and the connections amongst the individuals named in the complaint are not at all clear. In 2022, Prasad pleaded guilty to multiple counts and was sentenced to 2.5 years in prison and four years of supervised probation. (Doc. 10 at 21.) Prasad alleges he "is a registered Federal-Interest Witness under active DOJ Civil Rights Division Criminal Section Record #758544-XHR." (Doc. 1 at 9.) Defendant Kristin M. Wrobel, an attorney in private practice, allegedly "deployed a process server agent . . . to execute a fraudulent

[1] On August 28, 2026, the court issued an order requiring Prasad file a signed certificate to serve as the signature required by Federal Rule of Civil Procedure 11. (Doc. 6.) Prasad has not yet filed that certificate.

residential infiltration at [Prasad's] home." (Doc. 1 at 11.) "Exactly 24 hours" after that "infiltration," Probation Officer Grace Johnson sent a text to Prasad "denying Early Termination" of his probation. (Doc. 1 at 11.) Prasad believes Wrobel caused that text because Wrobel wished to "assist civil defense counsel" in a case Prasad previously filed against a gym in justice court. (Doc. 1 at 11.)

On January 19, 2026, Prasad's "primary cellular line . . . was subjected to a 15-day remote administrative 'bricking' blackout." (Doc. 1 at 12.) It appears Prasad believes Wrobel was involved in that as he alleges Wrobel later "remotely un-bricked" his phone. (Doc. 1 at 12.)

Prasad believes state officials are attempting "to manufacture false probation pretexts to revoke [his] probation and remand him" into custody. (Doc. 1 at 20.) Taking him into custody would amount to "extrajudicial murder of a federal witness" because the state officials know Prasad will be murdered in prison. (Doc. 1 at 20.) Based on these events, Prasad alleges a variety of claims under 42 U.S.C. § 1983 and state law. Prasad names as defendants the Maricopa County Adult Probation Department, Chief Probation Officer Michael Cimino, the "Unknown" supervisor of probation officer Grace Johnson, Deputy Probation Officer David Gallardo, Wrobel and her law firm, and Maricopa County.

**II. Motion for Temporary Restraining Order**

The motion for temporary restraining order recounts that on August 26, 2026, a probation officer "arrived unannounced at [Prasad's] private residence." (Doc. 7 at 2.) The officer stated Prasad was still on probation. Prasad refused entry. (Doc. 7 at 2.) Based on that visit, Prasad seeks an injunction prohibiting state officers from "[a]rriving at, entering, or surveilling" his residence, making any contact with him, or "[i]ssuing arrest warrants or probation violation petitions." (Doc. 7 at 5.) The motion also requests the court take judicial notice of various documents and transcripts of videos. (Doc. 7 at 4.) Based on a supplement Prasad filed on August 28, 2026, it is clear that state officials believe Prasad has only "served 2 years and 8 months of the 4 years of probation imposed." (Doc. 10 at 21.)

To be entitled to early injunctive relief, Prasad would need to meet one of two tests.

Under the first test, he would have to show a likelihood of success on the merits, a likelihood of irreparable harm, the balance of equities tips in his favor, and an injunction would be in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under the second test, Prasad would have to show there are "serious questions going to the merits . . . and the balance of hardships tips sharply in [his] favor" in addition to showing "a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Prasad has not established the first factor under either of these tests.

To the extent Prasad is seeking relief that might interfere with ongoing state-court proceedings involving his probation status, only "extraordinary circumstances" would allow for such relief. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) ("federal courts should abstain from staying or enjoining pending state criminal" proceedings); *see also Talmadge v. Williams*, No. 20-36106, 2021 WL 3771821, at *1 (9th Cir. Aug. 25, 2021) (federal court properly refused to interfere with "ongoing probation revocation proceedings"). And even when the requested "injunctive relief does not seek to enjoin the state criminal proceedings themselves," only "the most extraordinary circumstances" allow a federal court to grant injunctive relief against state agencies, such as local police departments. *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Prasad has not established such circumstances exist, and he has not shown a likelihood of success or serious questions going to the merits. The court "need not consider the other [preliminary injunction] factors." *Geo Grp., Inc. v. Inslee*, 151 F.4th 1107, 1114 (9th Cir. 2025) (simplified).

**III. Failure to State a Claim**

To pursue any of his claims, Prasad's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a

[2] Although no defendant has appeared, "a trial court may dismiss a claim sua sponte" for failure to state a claim provided the court "give[s] notice of its intention to dismiss and afford[s] plaintiff[] an opportunity to at least submit a written memorandum in opposition to such motion." *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (simplified).

defendant has acted unlawfully." *Id.* Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

All of Prasad's claims appear to rely on an alleged connection between Wrobel and Prasad's current probation proceedings. Prasad alleges Wrobel worked "nearly ten (10) years as a felony trial attorney and death penalty litigator in the Maricopa County Public Defender's Office." (Doc. 1 at 11.) Wrobel "weaponized" that experience by contacting "Grace Johnson's Supervisor" and convincing that supervisor "to execute an adverse probation action against" Prasad. (Doc. 1 at 11.) Wrobel allegedly did this because of Prasad's lawsuit in San Tan Justice Court against a gym. (Doc. 1 at 11.) Prasad does not include any additional factual allegations explaining when or how the communication between Wrobel and the supervisor took place. In fact, Prasad does not even identify the supervisor by name, let alone explain how he learned the communication occurred.

Prasad's allegations that Wrobel orchestrated the probation proceedings based on her prior work experience and contact with an unknown supervisor do not appear plausible. That is particularly true given that Wrobel allegedly made this contact merely because of an unrelated lawsuit filed by Prasad against a gym. Because it appears these actions are the basis for Prasad's claims, he must file a statement explaining why his current allegations are plausible.

It appears Prasad's filings up to this point have been drafted with the assistance of artificial intelligence. The court already ordered Prasad to comply with procedures regarding the use of AI in all future filings. (Doc. 6 at 2.) Upon a closer review of his complaint, Prasad's AI usage has been counterproductive. The current complaint contains many verbose, inappropriate, and unnecessary portions, including pages of case cites untethered to any facts, apparently attempting to reject possible legal arguments. (Doc. 1 at 3-7.) A complaint is not the appropriate place "for the protracted recitation and explanation of legal authority putatively supporting the pleader's claim for relief." *Trump v. New York Times Co.*, 800 F. Supp. 3d 1297, 1298 (M.D. Fla. 2025). Most importantly,

the current complaint does not set forth a coherent set of facts. A complaint should not be complicated or incomprehensible, and Prasad would be better served by personally drafting a simple statement of the facts supporting his claims.

## IV. Motion for Judicial Notice

Prasad's "Motion for Mandatory Judicial Notice" requests the court take judicial notice of various documents filed in state courts. The motion also seeks "clarification" that he has been released from prison and that the Prison Litigation Reform Act does not apply. There is no present need for the court to take judicial notice of any documents, and that portion of the motion is denied. As for the requested clarification, Prasad references this case being classified "as a 'prisoner' case code," which he believes is inaccurate. (Doc. 8 at 3.) The classification Prasad references is for administrative purposes only and will have no substantive impact on the court's evaluation of his claims. There is no need to reclassify Prasad's complaint.

## V. Filings

After he filed his complaint, Prasad filed a motion for temporary restraining order (Doc. 7), a motion for judicial notice (Doc. 8), a "supplemental notice" (Doc. 9), and a "notice of lodging conformed new evidentiary exhibit" (Doc. 10). Prasad is proceeding pro se but he "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). The court does not allow any party to make repetitive and unnecessary filings, and it is particularly inappropriate to file a motion and then repetitive "supplements" containing additional arguments and facts. When filing a motion, Prasad must ensure his motion includes all of the information he wishes the court to consider when ruling. In the future, the court may strike inappropriate filings such as Prasad's multiple notices without further notice. And if Prasad chooses to continue to violate rules, procedures, or orders, the court has a wide variety of options available to sanction that conduct. Sanctions might be imposed under Federal Rule of Civil Procedure 11, Federal Rule of Civil Procedure 41(b), or the court's inherent power. Sanctions may

include fines, requiring Prasad pay defendants' attorneys' fees, or dismissal of Prasad's claims with prejudice. No additional warnings will be given.

**IT IS ORDERED** the Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Mandatory Judicial Notice (Doc. 8) is **DENIED** to the extent it requests the court take judicial notice but **GRANTED** to the extent the court clarifies the administrative classification will not impact the resolution of this case.

**IT IS FURTHER ORDERED** no later than **September 15, 2026,** Prasad must file a statement of no more than ten pages explaining why his current allegations are plausible. Failure to file a statement will result in the dismissal of this case.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment of dismissal without prejudice if plaintiff does not file a statement by **September 15, 2026**.

Dated this 2nd day of September, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**