**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mayank Prasad,<br>Plaintiff,<br>v.<br>Maricopa County Adult Probation Department, et al.,<br>Defendants. | No. CV-26-05947-PHX-KML (DMF)<br>**ORDER** |

On September 2, 2026, the court issued an order that attempted to identify the theories plaintiff Mayank Prasad was pursuing in this case against the "Maricopa County Adult Probation Department," multiple probation officers, Kristin M. Wrobel, an attorney in private practice, and her firm. The court concluded "[a]ll of Prasad's claims appear to rely on an alleged connection between Wrobel and Prasad's current probation proceedings." (Doc. 11 at 4.) Wrobel is defense counsel in an ongoing lawsuit brought by Prasad against a gym in justice court. Prasad believes Wrobel has attempted to gain an advantage in that suit by "orchestrat[ing] the probation proceedings" against him. Prasad explains Wrobel is able to do so because she spent "nearly ten (10) years as a felony trial attorney and death penalty litigator in the Maricopa County Public Defender's Office." (Doc. 11 at 4.) Wrobel was allegedly coordinating with the probation office, the Arizona Supreme Court, and the State Bar of Arizona. (Doc. 1 at 11-14.) Wrobel also remotely inactivated and reactivated Prasad's phone. (Doc. 1 at 12.)

The court ordered Prasad to "file a statement explaining why his current allegations

are plausible." (Doc. 11 at 4.) Prasad filed a statement arguing he was "legally discharged" from probation based on a statement made by a Deputy County Attorney. (Doc. 12 at 3.) Despite that statement, probation officials now claim Prasad remains on probation. Prasad argues the "only logical explanation" for "state probation personnel" taking action against him is their desire to help Wrobel, a "former professional colleague[]" who is in "active civil litigation" against him. (Doc. 12 at 3.) The factual basis supporting this conspiracy consists of "precise, timestamped temporal correlations between civil litigation filings and adverse probation strikes." (Doc. 12 at 5.) These alleged temporal correlations include, for example, Wrobel initiating an "extrajudicial interference strategy" after Prasad's gym membership was restored, Prasad being required to undergo drug testing after he filed bar complaints against defense counsel, and the Maricopa County Attorney's Office filing a sworn admission that Prasad had been discharged from probation the same day he filed this "Federal Civil RICO Action." (Doc. 12 at 6-7.)

Prasad's factual allegations as explained by his supplement establish this suit is frivolous. A suit qualifies as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There is no arguable basis when the facts alleged "are fanciful, fantastic and delusional." *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Prasad's allegations of a large conspiracy between state and private actors meant to defeat Prasad's lawsuit against his gym are fanciful.

Even if Prasad's allegations did not meet the high bar for frivolousness, the complaint does not contain sufficient factual allegations stating a plausible claim for relief. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Prasad's claims depend on allegations that Wrobel enlisted probation officials to prevent Prasad's gym lawsuit. There are no allegations showing contact between Wrobel and state officials, and

Wrobel's previous work as a public defender is not enough. Although Prasad alleges "outside attorneys" contacted the probation department, he does not allege Wrobel was one of those "outside attorneys." And even if Wrobel had contacted the probation department, there are no allegations making it plausible that Wrobel convinced probation officials to wrongfully reinstate Prasad's probation. Quite the opposite of a conspiracy being the "only logical explanation" for the temporal proximity Prasad sees between scattered disparate events (Doc. 12 at 4), such a conspiracy is highly implausible. And to the extent Prasad now focuses on pleading a federal RICO claim, his factual allegations do not come close to plausibly establishing the elements for that either. *See Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (describing elements of civil RICO claim).

Prasad was given the opportunity to explain why his complaint should not be dismissed. He responded by establishing his factual allegations are frivolous or, if not frivolous, they are not plausible. The complaint is dismissed without leave to amend.[1]

**IT IS ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment of dismissal without prejudice and close this case.

**IT IS FURTHER ORDERED** the Renewed Emergency Motion (Doc. 15) is **DENIED**.

Dated this 20th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

[1] Because leave to amend is denied, the court need not reach the merits of Prasad's renewed emergency motion for temporary restraining order. (Doc. 15.) But in asking this court to enjoin the Maricopa County Adult Probation Department from executing a bench warrant in his state criminal case (Doc. 15 at 4), Prasad's renewed motion makes even clearer that it would be inappropriate for this court to grant the relief he seeks. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) ("federal courts should abstain from staying or enjoining pending state criminal" proceedings); *see also Talmadge v. Williams*, No. 20-36106, 2021 WL 3771821, at *1 (9th Cir. Aug. 25, 2021) (federal court properly refused to interfere with "ongoing probation revocation proceedings").